The Honorable Karen A. Overstreet
Chapter 11
Hearing Date: December 1, 2009
Hearing Time: 9:30 a.m.
Hearing Location: 700 Stewart St, 7th Floor
Seattle, WA
Response Date: At the Hearing

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>THE CASCADIA PROJECT LLC,<br>EIN 20-1488863,<br><br>Debtor. | Case No. 09-20780-KAO<br><br>EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS APPROVING POSTPETITION FINANCING PURSUANT TO 11 USC § 364(c) |

Debtor-in-possession, The Cascadia Project LLC ("Cascadia"), hereby moves this court for interim and final orders approving postpetition financing (the "Motion") pursuant to the Debtor-In-Possession Financing Agreement (the "Agreement"), a copy of which is attached as Exhibit A to the declaration of Steven E. Ahrens filed concurrently herewith. Cascadia requests approval on an interim basis to allow for such financing as necessary to avoid immediate and irreparable harm to the estate. This Motion is based on the files and records herein, and the accompanying declaration of Steven E. Ahrens in support of this Motion (the "Ahrens Declaration").

**I. BACKGROUND**

1. Cascadia commenced this case on October 15, 2009 (the "Petition Date"). Cascadia has retained control over its assets and continues to operate its business as debtor-in-possession pursuant to 11 USC §§ 1107 and 1108.

EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
APPROVING POSTPETITION FINANCING … - 1

PDXDOCS:1871313.2
552640.0007

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

2. Jurisdiction exists pursuant to 28 USC §§ 137 and 1334, 11 USC § 364, and Federal Rule of Bankruptcy Procedure 4001. This motion involves a core matter pursuant to 28 USC § 157(e)(2)(a) and (b).

3. Cascadia's primary business operation is a development of approximately 4,200 acres of land located near Orting and Bonney Lake, Washington, as an employment-based planned community, including the planned development of residential, commercial, business, and educational properties (collectively, the "Community"). Cascadia, through contractors, also conducts timber harvesting at the Community on an adjoining property owned by Cascadia Resort Communities LLC. Cascadia has completed significant infrastructure improvements, including underground utilities, sewer, and water installation, road construction, and preparation of 389 finished residential lots as well as one superpad that will be developed into an additional 113 lots.

4. There is one permanent aboveground structure in the Community, "Elementary School No. 9." This school is currently being used by approximately 600 students, together with faculty and staff. There is one partially finished structure on the site which will be the Community's informational center, and there is a fenced trailer complex that is currently being used as the site office.

5. Cascadia currently employs six individuals. Those individuals perform a variety of functions including, but not limited to, maintaining the Community, working on issues pertaining to land use, zoning, and permitting (including timber harvesting and gravel mining), performing marketing, and negotiating with homebuilders, businesses, and equity investors. In addition to incurring costs for such employees (including payroll, payroll taxes, and benefits), Cascadia is incurring expenses for rent, utilities, site maintenance, equipment rental and leases, insurance, and professionals.

EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
APPROVING POSTPETITION FINANCING ... - 2

PDXDOCS:1871313.2
552640.0007

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

6.  At the commencement of the case, Cascadia had unencumbered cash. It is anticipated that Cascadia will not have sufficient unencumbered cash to make the next payroll, which is presently due on December 1, 2009.

## II. PROPOSED AGREEMENT

7.  At the time that Cascadia filed its petition commencing this case, Cascadia Y K Chen ("Lender") was granted a security interest in Cascadia's 50 percent interest in Cascadia Resort Communities LLC (the "Collateral") to secure a loan of $1,500,000, of which only $430,000 was advanced. In its schedules, Cascadia values the Collateral in excess of $9,000,000. No other entity has an interest in the Collateral.

8.  Y.K. Chen is the father-in-law of Patrick Kuo, the sole member and manager of Cascadia.

9.  Cascadia intends to enter into the Agreement with Lender. The Agreement essentially provides for Lender to provide Cascadia with a post petition loan in the amount of $1,500,000 less the amount Lender advanced to Cascadia before the time the petition was filed. The advances would accrue interest at 12 percent per annum. No payments would be due until March 31, 2010, subject to an extension based upon an agreement of Lender, Cascadia, and the official unsecured creditors committee (the "Committee"). Advances would be made pursuant to the Budget attached to the Agreement or such other budget agreed to by Lender, Cascadia, and the Committee.

9.  Advances would be secured by an interest in the Collateral. Lender would also have the potential for receiving a super priority administrative claim under 11 USC § 507(b). Notwithstanding the foregoing, Lender would subordinate his interest in the Collateral to allow $500,000 of the value of the Collateral to be used to pay the professionals of Cascadia and the Committee for their fees and costs incurred in this case and approved by the Court.

10.  If Cascadia was unable to access the advances pursuant to the Agreement, it would be unable to pay expenses as they accrue.

EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
APPROVING POSTPETITION FINANCING ... - 3

PDXDOCS:1871313.2
552640.0007

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

11. Cascadia has been unable to obtain unsecured credit from any source on any basis more favorable than that set forth in the Agreement.

12. Cascadia requests an emergency hearing to borrow an amount sufficient to allow it to continue paying operations until a final hearing can be scheduled. If a final hearing can be scheduled before the end of December 2009, it is anticipated that the amount of such advances would be $170,780. On an interim basis, Cascadia would borrow the amount set forth in the Budget for such interim period, except for the entries under "Legal/Accounting/Other Professionals."

13. Cascadia is about to run out of unencumbered cash and does not have access to any other funds to continue operations. If Cascadia is unable to immediately obtain advances under the Agreement it will have to cease operations and Cascadia and its creditors will suffer immediate and irreparable harm.

### III. AUTHORITY

14. Pursuant to 11 USC § 364(c) if a debtor-in-possession is unable to obtain unsecured credit as an administrative expense, the court, after notice and hearing may authorize obtaining credit on debt secured by a lien on property of the estate junior to existing liens. Cascadia has been attempting to obtain unsecured credit but has not been able to do so. The Collateral is encumbered only by an interest in favor of Lender. Cascadia's entering into the Agreement and obtaining advances under the Agreement should be authorized.

15. Pursuant to Federal Rule of Bankruptcy Procedure 4001(c)(2), a court may authorize obtaining credit on an emergency basis to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing. Cascadia is only requesting authority to pay for such expenses (essentially payroll and maintenance) as is absolutely necessary in order to maintain itself as a functioning entity.

EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
APPROVING POSTPETITION FINANCING ... - 4

PDXDOCS:1871313.2
552640.0007

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

16. The undersigned hereby certifies that the Agreement does not contain any provision set forth in part A to Appendix A, Guidelines for Cash Collateral and Financing Stipulations, of the Local Bankruptcy Rules.

### IV. CONCLUSION

WHEREFORE, Cascadia respectfully requests entry of an order:

1. Authorizing Cascadia to enter into the Agreement on an interim basis and obtaining advances pursuant to the Agreement in an amount not to exceed $170,780.

2. That the Court schedule a final hearing on this motion no later than December 18, 2009, at 9:30 a.m.

3. That the Court enter an interim order approving the requested relief in substantially the form attached hereto as Exhibit A and a final order in substantially the form attached hereto as Exhibit B, after the final hearing.

DATED this 25th day of November, 2009

MILLER NASH LLP

*/s/ Geoffrey Groshong*
Geoffrey Groshong
WSB No. 6124
geoff.groshong@millernash.com
(206) 622-8484

Attorneys for Debtor
The Cascadia Project LLC

EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
APPROVING POSTPETITION FINANCING ... - 5

PDXDOCS:1871313.2
552640.0007

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352