Honorable Karen A. Overstreet
Chapter 11
Hearing Date: April 30, 2010
Hearing Time: 9 a.m.
Hearing Location: 700 Stewart St, 7th Floor
Seattle, WA
Response Date: April 23, 2010

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re | Case No. 09-20780 |
|---|---|
| THE CASCADIA PROJECT LLC,<br><br>Debtor. | DECLARATION OF STEVE E. AHRENS IN SUPPORT OF THE CASCADIA PROJECT LLC'S MOTION FOR ORDER DETERMINING THAT CERTAIN FUNDS MAY BE USED FOR MONTHLY PAYMENTS TO HOMESTREET BANK |

I, Steven Ahrens, hereby declare as follows:

1. I am the Chief Financial Officer for The Cascadia Project LLC, debtor and debtor in possession herein ("TCP" or "Debtor"). I have personal knowledge of the facts set forth therein and I am competent to testify thereto.

2. TCP commenced this case on October 15, 2009 (the "Petition Date"). TCP has retained control over its assets, and continues to operate its business pursuant to 11 U.S.C. §§ 1107 and 1108.

3. TCP's primary business operation is the development of approximately 4,200 acres of land located near Orting and Bonney Lake, Washington (the "Land"), as an employment based planned community, including the planned development of residential, commercial, business and educational properties. TCP, through contractors, also conducts timber harvesting on the Land and on adjoining property owned by Cascadia Resort

DECLARATION OF STEVE E. AHRENS IN SUPPORT OF
THE CASCADIA PROJECT LLC'S... - 1

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

Communities LLC.  The Land was originally purchased in 1991 by a wholly-owned subsidiary of a Bahamian corporation owned by a group of Taiwan investors.  TCP was formed in 1999 as a Washington limited liability company whose sole member and manager is Patrick Kuo.  TCP took title to the Land in 2006.

4. HomeStreet Bank ("HomeStreet") has claims against TCP in the approximate amount of $75,000,000 (seventy-five million dollars).  HomeStreet's claims are secured by the Land.  The claims relate to two loans executed in favor of TCP, one in the principal amount of $40,000,000 (the "Infrastructure Development Loan") and the other in the principal amount of $36,400,000 (the "Acquisition and Development Loan").

5. On or around August 28, 2006, TCP was required to place funds in the amount of $442,000 into a segregated bank account (the "Set Aside Account") for the benefit of the City of Orting (the "City") pursuant to a Cash Set Aside/Escrow Agreement ("Set Aside Agreement").  A true and correct copy of the City of Orting Cash Set Aside/Escrow Agreement is attached hereto as Exhibit A.  The Set Aside Account was required by the City in order to allow TCP to commence a project where TCP would drill to and connect to the City's waste water treatment plant.  The Set Aside Account was created with HomeStreet expressly for this purpose and Infrastructure Development Loan proceeds were used to fund the required balance.

6. The Set Aside Agreement was created to ensure the proper restoration of City property and adjacent properties and to protect the City against any damage to its existing waste water treatment facilities caused by TCP during the drilling project.  The Set Aside Agreement permitted the City to withdraw funds from the Set Aside Account to correct and repair any damage caused to the City's property or facilities.  Once construction was completed, and the City confirmed the site had been returned to its preconstruction condition, the Set Aside Agreement provided that TCP could request the release of the funds after posting a two-year warranty bond in the amount of $110,500 (the "Warranty Bond").  Pursuant to the First Amendment to the Set Aside Agreement (the "First Amendment"), the Warranty Bond could be

DECLARATION OF STEVE E. AHRENS IN SUPPORT OF
THE CASCADIA PROJECT LLC'S... - 2

SEADOCS:418342.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101-2352

Case 09-20780-KAO    Doc 251    Filed 04/05/10    Entered 04/05/10 17:22:30    Page 2 of 4

withdrawn by the City to pay for the cost of correcting, restoring, repairing, or replacing any damage to the waste water treatment facilities or site. A true and correct copy of the First Amendment to city of Orting Cash Set Aside/Escrow Agreement is attached hereto as Exhibit B. At the end of the two-year warranty period, the First Amendment allowed for the release of any funds remaining in the Warranty Bond.

7. On December 14, 2007, the Warranty Bond was posted. This was accomplished by maintaining a balance of $110,500 in the Set Aside Account. The remaining balance in the Set Aside Account was released pursuant to the Set Aside Agreement and applied toward the Infrastructure Development Loan. On December 13, 2009, the Warranty Bond expired without the City withdrawing any funds therefrom. On March 23, 2010, the City confirmed that TCP had met all requirements conditioning the release of the Warranty Bond. A true and correct copy of the City of Orting's acknowledgement of the expiration of the warranty period is attached hereto as Exhibit C.

8. On May 15, 2008, TCP entered into an Assignment of Funds (In Lieu of a Sanitary Sewer Performance Bond) (the "Assignment of Funds") with Pierce County (the "County"). A true and correct copy of Assignment of Funds (In Lieu of a Sanitary Sewer Performance Bond) is attached hereto as Exhibit D. The Assignment of Funds required that TCP create a segregated bank account (the "Assignment Account") with a balance of $255,731.50 in favor of the County. The funds were to guarantee the satisfactory completion of sanitary sewer facilities then being constructed by TCP. The sanitary sewer facilities were to be dedicated to Pierce County. The Assignment Account was created with HomeStreet expressly for this purpose and Infrastructure Development Loan proceeds were used to fund the required balance.

9. On September 10, 2008, the County released the funds in the Assignment Account. A true and correct copy of a letter recommending and approving the release of the funds is attached hereto as Exhibit E. However, the County required that TCP maintain funds for its benefit in lieu of a maintenance bond in the amount of $229,812.67 (the "Maintenance

DECLARATION OF STEVE E. AHRENS IN SUPPORT OF
THE CASCADIA PROJECT LLC'S... - 3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:418342.1
Case 09-20780-KAO    Doc 251    Filed 04/05/10    Entered 04/05/10 17:22:30    Page 3 of 4

Funds"). A true and correct copy of the Assignment of Funds (In Lieu of a Sanitary Sewer Maintenance Bond) is attached hereto as Exhibit F. This was accomplished by maintaining a balance of $229,812.67 in the Assignment Account. The remaining balance in the Assignment Account was released and applied toward the Infrastructure Development Loan. The Maintenance Funds were to guarantee that TCP would correct any defect in the sanitary sewer improvements caused by faulty design, construction, or other reasons. The Maintenance Funds would be released within 12 months of the posting date if no repairs, corrective action, or maintenance was necessary. On November 10, 2009, the County approved the release of the Maintenance Funds in their entirety. A true and correct copy of a letter recommending and approving the release of the funds is attached hereto as Exhibit G.

Pursuant to 28 U.S.C. §1746, I declare on penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 5th day of April, 2010 at Bellevue, Washington.

*/s/ Steven E. Ahrens*
Steven E. Ahrens

DECLARATION OF STEVE E. AHRENS IN SUPPORT OF
THE CASCADIA PROJECT LLC'S... - 4

SEADOCS:418342.1

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

Case 09-20780-KAO    Doc 251    Filed 04/05/10    Entered 04/05/10 17:22:30    Page 4 of 4